UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x

LENNIE KIRKLAND,

                Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER CHRISTOPHE MANZO
#01555, NEW YORK CITY POLICE
LIEUTENANT HUGH MACKENZIE, AND NEW
YORK CITY POLICE OFFICER JOHN DOE 1,

                Defendants.

------------------------------------------------------------x

**AMENDED COMPLAINT**

Index # 14 Civ. 6213 (ALC)(FM)

## PRELIMINARY STATEMENT

1.    This is a civil rights action brought by plaintiff LENNIE KIRKLAND pursuant to 42 USC § 1983 and the laws of the State of New York against various New York City police officers. Plaintiff was simply walking to a store in the University Heights section of the Bronx when he was unlawfully stopped, searched, arrested and jailed by the defendant police officers. Plaintiff now seeks redress against the defendants for the unlawful, unnecessary, and unreasonable loss of his liberty and injury to his person.

## JURISDICTION & VENUE

2.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 USC §§ 1983 and 1988.

3.    The jurisdiction of this Court is predicated upon 28 USC §§ 1331, 1343, and 1367(a).

4. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 USC § 1391(b).

5. The Court has supplemental jurisdiction over the New York State Claims alleged pursuant to 28 USC § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff LENNIE KIRKLAND is a fifty-three year old African American man who resides in Bronx, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable section of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants POLICE OFFICER MANZO, POLICE LIEUTENANT MACKENZIE, and POLICE OFFICER DOE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

   12.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

   13.   The incident took place on or about January 11, 2014, at or around 5:00 p.m.  Plaintiff had just left his residence and was walking on West 183rd Street towards Davidson Avenue in the University Heights section of the Bronx.  It was raining and plaintiff had on a short black jacket.

   14.   Plaintiff passed a visible mobile police unit parked on the corner of Andrews Avenue North and 183rd Street.  He was not in a hurry.  Plaintiff was talking on his cell phone.

   15.   As plaintiff turned onto Aqueduct Avenue, a New York City police car pulled up next to him and three uniformed officers, the defendants herein, exited and confronted him.

   16.   The defendants informed plaintiff that they received a call that the plaintiff had a gun.  Defendants surrounded plaintiff, but did not draw their own guns.  Nor did they position themselves in any way that would make anyone think they thought plaintiff had a gun.

   17.   Plaintiff put his cell phone into his left pocket and lifted up his jacket to show the officers that he did not have a gun.

18. Nevertheless, the defendants proceeded to unlawfully search plaintiff's person. They found no gun, no weapons. They found a plastic bag with marijuana.

19. Plaintiff was arrested, placed in the patrol car and taken to the 52nd precinct.

20. During the ride to the precinct, defendant officers questioned the plaintiff. Defendant officers told the plaintiff that if he could inform them of someone who possessed a gun unlawfully that they would let him go. Plaintiff informed the defendants that he did not know of anyone with a gun.

21. A thorough physical search of the claimant at the 52nd precinct did not recover any gun.

## FIRST CLAIM

## 42 USC § 1983/FOURTEENTH & FOURTH AMENDMENTS

## UNLAWFUL IMPRISONMENT

22. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

23. By reason of the foregoing, and by unlawfully detaining plaintiff against his will, and by failing to intervene and prevent such unlawful detainment, the defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen, secured by the 42 USC § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure of his person.

24. Defendants acted under the pretense and color of state law and in their individual and official capacities and within the scope of their employment as police

officers and employees. The defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 USC § 1983.

25. As a direct and proximate result of defendants' actions, plaintiff sustained damages.

**SECOND CLAIM**

**FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK**

26. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

27. Within ninety (90) days after the claim herein accrued, on or about April 11, 2014, plaintiff duly served upon, presented to and filled with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

28. More than thirty (30) days have elapsed since the filling of the aforesaid Notice of Claim, as required under General Municipal Law 50-i(1)(b).

29. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued as required under General Municipal Law 50-i(1)(c).

30. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

31. Defendant POLICE OFFICERS MANZO and DOE and LIEUTENANT MACKENZIE arrested, or conspired or aided in the arrest of, plaintiff without probable cause.

32. Plaintiff was detained against his will for an extended period of time.

33. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

34. Defendant CITY OF NEW YORK is liable to the plaintiff for this false arrest under the theories of Respondeat Superior.

35. As a direct and proximate result of the defendants' actions, plaintiff sustained damaged.

## THIRD CLAIM

### ASSAULT UNDER THE LAWS OF THE STATE OF NEW YORK

36. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

37. As a result of the foregoing, defendant POLICE OFFICERS MANZO and DOE and LIEUTENANT MACKENZIE placed, or conspired or aided to place, plaintiff in apprehension of imminent harmful and offensive bodily contact.

38. Defendant CITY OF NEW YORK is liable to the plaintiff for this assault under the theories of Respondeat Superior.

39. As a direct and proximate result of the defendants' actions, plaintiff sustained damaged.

## FOURTH CLAIM

### BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK

40. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as if fully set forth herein.

41. As a result of the foregoing, Defendant POLICE OFFICERS MANZO and DOE and LIEUTENANT MACKENZIE made, or conspired or aided to make, offensive contact with the plaintiff without privilege or consent.

42. Defendant CITY OF NEW YORK is liable to the plaintiff for this battery under the theories of Respondeat Superior.

43. As a direct and proximate result of the defendants' actions, plaintiff sustained damaged.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against defendants:

1. Compensatory damages in an amount to be determined at trial;
2. Punitive damages in an amount to be determined at trial;
3. An order awarding attorneys' fees and costs; and
4. Such other or further relief as the Court may deem appropriate.

Dated: Bronx, NY
March 7, 2015

PAULOSE PLLC

*Justine R. Gray*

JUSTINE R. GRAY, ESQ. (JG0009)
5676 Riverdale Avenue, Suite 314
Bronx, NY 10471
347 275 4883

7